## FIELD v. THOMPSON, McMAIN, DAVIS, and WARE.

Court of Common Pleas. April, 1796.

*Wilson's Red Book, 105.*[*]

*Ridgely* and *Bayard* for plaintiff. *Miller, Peery, Hall* and *Wilson* for defendants.

Defendants offered a receipt in full of all accounts (as a release to a joint trespassor, 2 Esp.N.P. 109, 110, 5 Bac.Abr. 205, pl. 146) given by plaintiff to Davis, witnessed by Samuel Carpentar, and proved by James Wiley that he wrote it and saw Carpentar and plaintiff sign it; that it was in allusion to this action and designed to clear Davis; that Carpentar lives in Philadelphia.

*Ridgely* objected. Carpentar was here since the last continuance, and his hand cannot be proved unless a *subpoena* had gone.

*Miller.* That the handwriting of a mere instrumentary witness may be proved if he is abroad or dead as a matter of course and cited Esp.N.P. 1, 2 in point.

*Bayard,* in reply, cited a case determined in New Castle, where it was objected and allowed that a commission ought to have issued. That being in a neighboring state is not being beyond sea and within the rule in England which was *ultra quatuor maria.*

---

[*] This case is also reported in *Bayard's Notebook, 135.*

BASSETT, C. J. (*Absente* JOHNS)  The Court have thought of this business and consider from former cases that the doctrine in Espinasse as laid down then and admitted by Lord Kenyon is not as yet discovered by us in any books that I have seen.  The rule is that the hand of a witness may be proved, if the witness is proved to be dead or beyond sea, or is not to be found after strict inquiry.  The case in Espinasse extends to deeds or bonds but does not extend to every other case.  We think ourselves bound to say the instrument offered is not evidence, it not being under the hand and seal of the party.

An exception would have been taken but the plaintiff agreed it might be given in evidence, and it was read.

Verdict for plaintiff against Thompson and Ware, damages £400.

Motion for new trial.

*Peery* urged new trials matter of sound discretion etc., [1] Dall. 234, 1 Burr. 293, 1 Bl.R. 464, 1 Bl.Comm. 390.  Then the damages were excessive, 2 Bl.R. 942, 1327, 5 Bac.Abr. 249, 2 Morg.Ess. 290.  The jury was partial, Cowp. 231.  New light may be had, 1 Bl.R. 418.

*Bayard, contra.*  Want of preparation no ground for new trial, 3 Morg.Ess. 84, 86—88, 93.  New trials not to be granted in cases of torts, 2 Morg.Ess. 241, 255, 256.

*Miller* in reply.  There must be new trials even in personal torts, 2 Morg.Ess. 258.

The Court were divided (*Absente* JOHNS).  *Curia advisare vult.*

November Term, 1796.  On a second argument by *Miller* for defendant, *Ridgely* for plaintiff, *coram* BASSETT, C. J., JOHNS and RODNEY, JJ.

PER CURIAM.  We are not (that is, a majority of the Court) of opinion that a new trial ought to be granted in this cause.

[ANONYMOUS.]

Court of Common Pleas.  April, 1796.

*Wilson's Red Book, 108.*